# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ARTHUR J. MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-05095-CV-SW-SRB |
| | ) | |
| GLOBAL BANKERS INSURANCE GROUP, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Remand to State Court. (Doc. #10). For the following reasons the motion is granted. The case is remanded to the Circuit Court of Newton County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Newton County, Missouri, as required by 28 U.S.C. § 1447(c).

### I.    BACKGROUND

This case arises from the "processing, electronic transfer, and payment of premiums owed on a life insurance policy for which Plaintiff was the beneficiary." (Doc. #10, ¶ 1). On August 18, 2007, Decedent, Plaintiff's sister, opened a ten-year term life insurance policy with Household Life Insurance Company ("Household"). In May 2008, Decedent began to remit premium payments on the policy to Household through a monthly bank draft from her bank account with Community Bank & Trust ("CBT"). Premiums were automatically transferred this way for more than seven years. On October 8, 2014, Household informed Decedent that it had changed its name to Pavonia Life Insurance Company of Michigan ("Pavonia"), but that the name change would have no effect on the terms, conditions, or benefits of Decedent's insurance policy.

The electronic transfer of Decedent's premium payments continued successfully until February 2015, at which point Pavonia mailed a letter to Decedent to inform her that the electronic withdrawal of her premium payment due on February 18, 2015, was not processed successfully. The letter stated that it was unclear why the withdrawal was unsuccessful and invited Decedent to call Pavonia to update her bank information to prevent her policy from lapsing. Decedent inquired about the automatic withdrawal issue with CBT, who in turn sent a fax to Pavonia with Decedent's account and routing numbers. Plaintiff and Global[1] state that the account number CBT provided was incorrect. Nonetheless, premium payments were successfully transmitted until May 2015, when Pavonia again notified Decedent by letter that her May 18, 2015 premium payment was not successfully withdrawn from her CBT bank account and warned Decedent that her policy would lapse if she did not timely update her bank account information. The last four digits on the account number listed on the letter were different than the last four digits CBT provided to Pavonia by fax.

On June 22, 2015, Pavonia notified Decedent that her insurance policy had lapsed. Decedent applied for policy reinstatement, and Pavonia reinstated the policy in July 2015. However, the reinstatement was subject to a new, two-year contestability period. Decedent died approximately nine months after reinstatement, and Pavonia denied Plaintiff's claim for payment of the policy proceeds, invoking the terms of the incontestability provision.

Plaintiff filed an action in the Circuit Court of Newton County, Missouri, bringing various claims against Global, including claims for negligence and vexatious refusal, and a negligence claim against CBT for "[f]ailing to remit the automatic payment for decedent's term

---

[1] Global Bankers Insurance Group, LLC ("Global") purchased Pavonia in December 2017. Accordingly, Global is the named defendant insurance company in this lawsuit.

life insurance policy[] and [f]ailure to notify decedent of the failure of the automatic payments to Pavonia for the term life insurance policy." (Doc. #11-4, p. 7.) Plaintiff alleges CBT's negligence caused Plaintiff to suffer damages resulting from the lapse of Decedent's policy. Global subsequently filed a Notice of Removal with this Court, alleging fraudulent joinder of CBT, a Missouri resident. Plaintiff now moves the Court to remand the case back to the Circuit Court of Newton County, Missouri.

II. **LEGAL STANDARD**

A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Subject matter jurisdiction "is measured either at the time the action is commenced" in federal court or "at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

The Eighth Circuit has articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977). However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000). As we recently stated in [*Wiles v.*

> *Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)], ". . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original) (footnote omitted). A district court's fraudulent joinder analysis under *Filla* is "limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations omitted) (quoting *Filla*, 336 F.3d at 811).

### III. DISCUSSION

Defendant Global removed this action arguing that Defendant CBT was fraudulently joined to defeat diversity jurisdiction. In its notice of removal and in response to Plaintiff's motion for remand, Global argues that "Plaintiff bases this lawsuit on Global's failure or refusal to pay the face amount of the reinstated policy on which Plaintiff is the alleged beneficiary" and that "[CBT's] role in this matter is so minimal as to be *de minimus*." (Doc. #1, p. 5). Global also argues that Plaintiff has no real claim for relief against CBT because "the evidence will show that the processing of the decedent's payments was handled by a third-party payment processor." (Doc. #16, p. 3).

In support of his motion for remand, Plaintiff argues that "there is a 'reasonable basis for predicting that the state's law might impose liability against [CBT].'" (Doc. #10, p. 2) (quoting *Filla*, 336 F.3d at 810). Plaintiff argues that it has met the *Filla* standard of a "colorable claim" by alleging facts that demonstrate "CBT negligently failed to remit premium payments by automatic electronic fund transfer from decedent's CBT account," which ultimately led to the

lapse of Decedent's policy and denial of Plaintiff's claim for payment of insurance proceeds. (Doc. #11, pp. 5, 7).

This Court finds that there is "arguably a reasonable basis for predicting" that under Missouri law, CBT could be found negligent for the failure to remit automatic premium payments from Decedent's checking account to Pavonia, which ultimately resulted in Plaintiff's inability to claim the proceeds from Decedent's life insurance policy. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotations omitted) (quoting *Filla*, 336 F.3d at 811). Global does not argue that Missouri law does not contemplate a cause of action for negligence against banks. Missouri courts have imposed liability on banks for negligence. *See, e.g.*, *China Worldbest Group Co., Ltd. v. Empire Bank*, 373 S.W.3d 9 (Mo. App. S.D. 2012) (affirming on other grounds trial court's judgment holding bank liable for negligently handling documentary collection); *Aiple v. South Side Nat'l Bank in St. Louis*, 442 S.W.2d 145 (Mo. Ct. App. 1969) (affirming on other grounds trial court's judgment holding bank liable for negligently paying plaintiff's check after receiving a stop payment order). While Global contends that there is no legitimate claim for relief against CBT because "the evidence will show that the processing of the decedent's payments was handled by a third-party processor," Global admits that "the account number listed in [CBT's fax] cover letter is missing a zero, contrary to the account number listed in Global's notice letter [informing Decedent of an unsuccessful automatic withdrawal]." (Doc. #16, p. 4). It is at least arguable that CBT's failure to communicate the correct account number to Pavonia could support a finding that CBT was negligent for failing to remit automatic payments to Pavonia.

Global argues that Plaintiff's admission that two automatic withdrawals were successfully processed even after CBT transmitted incorrect account information to Pavonia

5

shows "there is no reasonable basis in fact and law supporting a claim against" CBT. (Doc. #16, p. 5) (quoting *Filla*, 336 F.3d at 810). However, it is still unclear where the fault lies for the unsuccessful electronic transfer of May 18, 2015, which led to the lapse in Decedent's policy, ultimately resulting in Pavonia invoking the contestability clause after Decedent's policy was reinstated and Pavonia denying Plaintiff's claim for benefits. Global has not presented facts or law to establish that CBT was not at fault. Accordingly, it is not "clear that . . . there is no real, present claim for relief" against CBT, and, therefore, CBT must be retained as a party to this action. *Walsh v. Arbuckle*, No. 4:17-dv-000664-NKL, 2017 U.S. Dist. LEXIS 166770, at *3–4 (W.D. Mo. Oct. 10, 2017) (internal citation omitted).

Global also contends that because "Plaintiff's argument [in his Motion for Remand] regarding [CBT] providing 'erroneous account information' does not appear as an actual basis for Plaintiff's negligence claim against [CBT]," fraudulent-joinder removal is proper. (Doc. #16, pp. 1, 4). In Count III of his First Amended Complaint, Plaintiff alleges CBT breached the duty of ordinary care owed to Decedent by failing to remit automatic payments for Decedent's life insurance policy and/or failing to notify Decedent of the failure of the automatic payments. (Doc. #11-4, p. 7). Plaintiff supports these allegations by setting out "Facts Common to all Counts," including that CBT faxed incorrect account information to Pavonia and that soon thereafter, Pavonia was unable to successfully withdraw premium payments from Decedent's CBT bank account. (Doc. #11-4, p. 3). These facts are sufficient to support a "colorable" claim of negligence against CBT. *Filla*, 336 F.3d at 811 n.10 (The term "colorable" refers to "an alleged cause of action that is reasonable," even if "speculative.") (internal citations omitted). Since there is a "colorable" cause of action against CBT, the Court finds no fraudulent joinder.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Remand to State Court (Doc. #10) is granted. The case is remanded to the Circuit Court of Newton County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Newton County, Missouri, as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
United States District Judge

DATE: December 6, 2018